COBB, Judge.
In this case, the appellant has challenged an affirmance by the Unemployment Appeals Commission of a finding by the referee that Janet Bachelor voluntarily left her employment without good cause attributable to the employer. Her appeal is based upon a disagreement with the factual findings of the referee, which were as follows:
The claimant was employed as a secret shopper coordinator/secretary from June 11, 1996, until July 8, 1996. The claimant became upset because she was using 800 phone numbers downloaded from the Internet to locate secret shoppers. The claimant felt that this was a misuse of the numbers. The employer uses simple methods to locate the secret shoppers. The claimant was told at the time of hire that she would have a CD ROM with National Telephone Directories to find the secret shoppers. On several occasions, the claimant was asked to drop the mail off on her way home. The claimant informed the employer that this was out of the way and the employer said that someone else would take care of it. The claimant was asked to drop reports off that were within one or two blocks of the employer’s location. The claimant said that she wanted mileage to use her personal vehicle. On July 8,1996, the claimant made a suggestion that , the *306 shoppers should be reimbursed more quickly because they were complaining. The supervisor told the claimant that he would ask when he wanted her input. The claimant wanted an employee handbook. The employer has handbooks for other offices that are part of a different corporation; however, the employer did not have an employee handbook for this company. On July 2, 1996, the supervisor informed the claimant that the attorney had recommended that he not give a handbook from the other company to the claimant. On July 8,1996, the claimant quit.
The crux of this appeal is the appellant’s disagreement with the factual findings of the referee, which are presumptively correct. She has failed in her burden of demonstrating reversible error. See Applegate v. Barnett Bank of Tallahassee, 877 So.2d 1150 (Fla.1979); Wolfson v. Unemployment Appeals Commission, 649 So.2d 363 (Fla. 5th DCA 1995).
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.